FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

[Space Reserved for Court Clerk]

JUN 2 2021

Nail
NICOLE O'DWYER, DEPUTY

1 | **TODD H. HARRISON, ESQ.** (SBN 230542)
**BRENNAN S. KAHN, ESQ.** (SBN 259548)
2 | **MICHAEL S. WALKER, ESQ.** (SBN 330373)
**PERONA, LANGER, BECK, SERBIN & HARRISON, APC**
3 | 300 East San Antonio Drive
Long Beach, California 90807-0948
4 | Phone: (562) 426-6155; Fax (562) 490-9823

5 | Attorneys for Plaintiff, Adrieanna Hooks

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF SAN BERNARDINO**

10

| | |
|---|---|
| 11  ADRIEANNA HOOKS, an Individual, | **Case Number:**  CIV SB  2 1 18 5 7 3 |
| 12      Plaintiff, | **COMPLAINT FOR:** |
| 13   vs. | (1)   Disability Discrimination; |
| 14 | (2)   Failure to Reasonably Accommodate; |
| 15  TARGET CORPORATION, a Minnesota Corporation, DBA TARGET; DANIELLE WRIGHT, an Individual; and DOES 1 | (3)   Failure to Engage in the Interactive Process; |
| 16  through 10, Inclusive, | (4)   Failure to Maintain a Workplace Free From Discrimination and Retaliation; |
| 17      Defendants. | (5)   Retaliation in Violation of FEHA; |
| 18 | (6)   Wrongful Termination in Violation of Public Policy; |
| 19 | |
| 20 | (7)   Wrongful Constructive Termination in Violation of Public Policy; and |
| 21 | |
| 22 | (8)   Intentional Infliction of Emotional Distress. |
| 23 | |
| 24 | **Jury Trial Demanded** |
| 25 | |
| 26 | |

27 | Plaintiff, Adrieanna Hooks, alleges as follows:

28 | / / /

1

**JURISDICTION AND VENUE**

2       1.     This Court has jurisdiction over this action pursuant to California Constitution

3  Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except

4  those given by statute to other courts." The statutes under which this action is brought do

5  not specify any other basis for jurisdiction.

6       2.     Plaintiff has exhausted her administrative remedies by the timely request of a

7  Right-to-Sue notice from the California Department of Fair Employment and Housing within

8  three years of the events alleged herein.

9       3.     This Court has jurisdiction over all Defendants because, based on information

10  and belief, each party is either a citizen of California, has sufficient minimum contacts in

11  California, or otherwise intentionally avails itself of the California market so as to render the

12  exercise of jurisdiction over it by the California courts consistent with traditional notions of fair

13  play and substantial justice.

14       4.     Venue is proper in this Court because, upon information and belief, one or

15  more of the named Defendants reside, transact business, or have offices in this county and

16  the acts and omissions alleged herein took place in this county.

17

18

**THE PARTIES**

19       5.     Plaintiff, Adrieanna Hooks (hereinafter "Plaintiff"), is a resident of San

20  Bernardino County, in the State of California.

21       6.     Defendant, Target Corporation (hereinafter "TARGET" or "Defendant"), was

22  and is, upon information and belief, a Minnesota Corporation doing business within the State

23  of California as itself, and Target, and at all times hereinafter mentioned, is an employer

24  whose employees are engaged in commerce throughout this county and the State of

25  California.

26       7.     Defendant, Danielle Wright (hereinafter "WRIGHT") is, upon information and

27  belief, a resident of San Bernardino County, in the State of California.

28  / / /

-2-

COMPLAINT FOR DAMAGES
EXHIBIT A

1       8.     Plaintiff is unaware of the true names or capacities of the Defendants sued
2  herein under the fictitious names DOES 1-10, but prays for leave to amend and serve such
3  fictitiously named Defendants pursuant to California *Code of Civil Procedure* § 474, once
4  their names and capacities become known.

5       9.     Plaintiff is informed and believes, and thereon alleges, that DOES 1-10 are the
6  partners, joint ventures, parent companies, owners, shareholders or managers or employees
7  of Defendants and, therefore, were acting on behalf of Defendants.

8      10.    TARGET, WRIGHT, and DOES 1-10 will hereafter be collectively referred to as
9  "Defendants."

10     11.    Plaintiff is informed and believes, and thereon alleges, that each of said
11  Defendants are in some manner intentionally, negligently, or otherwise responsible for the
12  acts, occurrences or transactions alleged herein.

13     12.    Plaintiff is informed and believes, and thereon alleges, that each and all of the
14  acts and omissions alleged herein were performed by, or are attributable to, all Defendants,
15  each acting as the agent for the other, with legal authority to act on the other's behalf.  The
16  acts of Defendants were in accordance with, and represent the official policy of Defendants.

17     13.    Plaintiff is informed and believes, and thereon alleges, that at all times material
18  hereto and mentioned herein, each Defendant sued herein *(both named and DOE*
19  *Defendants)* was the agent, servant, employer, joint venturer, joint employer, contractor,
20  contractee, partner, division owner, subsidiary, division, alias, and/or alter ego with and/or of
21  each of the remaining Defendants and was, at all times, acting within the purpose and scope
22  of such agency, servitude, employment, contract, ownership, subsidiary, alias and/or alter
23  ego and with the authority, consent, approval, control, influence and ratification of each
24  remaining Defendant sued herein.

25     14.    At all times herein mentioned, Defendants, and each of them, ratified each and
26  every act or omission complained of herein.  At all times herein mentioned, the Defendants,
27  and each of them, aided and abetted the acts and omissions of each and all the other
28  Defendants in proximately causing the damages herein alleged.

1    **GENERAL ALLEGATIONS**

2        15.    Defendant is a retail sales and distribution company with stores and

3    warehouses throughout the United States, including the state of California. At all times

4    herein, Defendant is an employer with thousands of employees.

5        16.    From approximately October 21, 2011 through January 25, 2021, Plaintiff

6    worked for Defendant as a logistics specialist working out of Defendant's store located at

7    15272 Summit Avenue, Fontana, California 92336.  In her role as a logistics specialist,

8    Plaintiff's duties included unloading trucks, stocking shelves, helping guests, maintenance

9    and inventory.  At all times during her employment, Plaintiff was a devoted and loyal

10   employee who performed who duties to Defendant's satisfaction.

11       17.    After working for Defendant for more than eight (8) years, on or around

12   February 21, 2020, Plaintiff injured herself within the course and scope of her work

13   performed for Defendant's benefit. Specifically, while performing her duties and unloading a

14   truck, Plaintiff experienced a sharp pain in her back.  Plaintiff tried to work through the pain

15   but soon realized that she had seriously injured herself.  She then notified her supervisor of

16   the injury and was sent to one of Defendant's onsite managers.  The manager drafted an

17   incident report and sent Plaintiff to Defendant's Worker's Compensation medical clinic.

18       18.    At Defendant's worker's compensation clinic the same day of February 21,

19   2020, Plaintiff received treatment and was diagnosed with a multiple strains throughout her

20   torso.  Defendant's doctors then placed Plaintiff on physical work restrictions of no lifting,

21   carrying, pushing and/or pulling more than fifteen pounds, no standing for more than forty

22   (40) minutes consecutively, no walking more than forty (40) minutes per hour, and no

23   bending at waste or torso spine twisting for more than forty (40) minutes per hour

24   cumulatively.  Upon receiving such physical restrictions, Plaintiff then immediately provided

25   these same work restrictions to Defendant, thereby formally placing Defendant on notice of

26   her disabilities while, at the same time, making a request to Defendant for a reasonable

27   accommodation in the form of modified work duties.

28   / / /

-4-

COMPLAINT FOR DAMAGES

EXHIBIT A

1    19.    From approximately February 22, 2020 through October 3, 2020, Defendant
2    provided Plaintiff with modified duties as a reasonable accommodation for her disabilities.
3    During this approximate eight (8) month time period, Plaintiff's duties essentially included
4    stocking shelves with the assistance of a mechanical cart.  Despite the requirements of the
5    cart, Plaintiff remained a productive employee for Defendant throughout this period of time,
6    suffering no issues in performing her duties and, at all times, providing Defendant a benefit
7    through the completion of her work.

8    20.    After working such modified duties for approximately four (4) months, Plaintiff
9    had come to the conclusion that her condition was not improving and that dealing with the
10   cart each day caused her some physical pain she preferred to avoid. Moreover, Plaintiff also
11   believed at the time, given her nearly decade of employment with Defendant, it was fair for
12   her to ask for a new role that would offer her some hope of eventual advancement,
13   accommodate her and, further, assist her in avoiding further physical injury. As such, in or
14   around June 2020, Plaintiff approached WRIGHT, one of Defendant's human resources
15   ("HR") representatives, asking whether Defendant would transfer Plaintiff to a different
16   department as a reasonable accommodation for her disabilities and to ensure that, despite
17   her disabilities, she would still have opportunity for advancement in the future.  Specifically,
18   Plaintiff stated to WRIGHT that her current role caused her additional physical pain and that,
19   given her years of experience and her educational background, she believed that a change
20   to an administrative role would not only help to reasonably accommodate her, but would also
21   benefit Defendant. At the time, Plaintiff requested that she be considered for an opportunity
22   in Defendant's human resources department as an excellent candidate for said role,
23   reminding WRIGHT at that time of her years of experience with Defendant, that Plaintiff had
24   already earned her bachelors degree in business administration and that Plaintiff was also
25   working through a Master's degree. Plaintiff also told WRIGHT that, because her ongoing
26   pain was the more urgent issue, if Plaintiff would have to wait for an HR or administrative
27   position to open up, she would still be willing to take any other role Defendant could place
28   her in as an accommodation to help her avoid further injury.

-5-
COMPLAINT FOR DAMAGES
EXHIBIT A

21.     In response to Plaintiff's request to be considered for an HR role, or, at the
least, be accommodated with a less physically demanding position, WRIGHT told Plaintiff
that she would consider Plaintiff's request and get back to her. However, in truth, this was a
lie. At the time, neither WRIGHT or Defendant had any intention of considering Plaintiff's
qualifications in determining whether she could work in a different role, no less attempting to
see if Defendant could, at the least, offer Plaintiff a different role which would be less
physically painful for Plaintiff to perform as a reasonable accommodation. In truth, both
Defendant and WRIGHT cared little for Plaintiff's demands or her physical pain, more than
happy to allow Plaintiff to continue to suffer all in for the sake of intentionally inflicting
emotional, and physical, distress upon Plaintiff in the hope that eventually Plaintiff could not
take any more and, instead, do WRIGHT and Defendant a favor by quitting. Whether at this
time or any time later, despite Plaintiff's ongoing requests to both WRIGHT and Defendant,
Defendants wholly failed to ever offer, no less consider, Plaintiff for any other opportunities,
whether as a reward for her years of service, to acknowledge her qualifications or even as a
simple reasonable accommodation. Such purposeful inaction by Defendants not only
amounted to their intentional infliction emotional distress upon Plaintiff and Defendant's
failure to reasonably accommodate Plaintiff, but acts of discrimination against Plaintiff - i.e.
the denial of work  - solely on the basis of Plaintiff's disabilities.

22.     On or about September 28, 2020, after more than seven (7) months of
accommodating Plaintiff without any complaint by Defendant, Defendant then further
discriminated and retaliated against Plaintiff for becoming disabled and requiring reasonable
accommodations for her disabilities.  On this specific day, WRIGHT asked Plaintiff to attend
a meeting prior to clocking out.  At that meeting, WRIGHT informed Plaintiff that Plaintiff had
simply been disabled for too long and that Defendant would no longer provide Plaintiff with
any accommodations.  WRIGHT went on to explain that, as a result of Plaintiff's prolonged
status as a disabled person, Plaintiff would be placed on indefinite leave of absence until
such a time as Plaintiff was no longer disabled.  At all times, WRIGHT'S and Defendant's
decision to force Plaintiff's removal from the workplace was discriminatory, a failure to

1 | reasonably accommodate Plaintiff, and, equally significant, one more act by Defendants
2 | meant to intentionally inflict emotional distress upon Plaintiff in hopes she would quit.

3 | 23.    In response to being told she was being forced out on medical leave, during
4 | this same September 28, 2020 conversation with WRIGHT, Plaintiff immediately complained
5 | to WRIGHT that her and Defendant's decision to force her on medical leave was unfair.
6 | Plaintiff complained that their sudden decision was arbitrary, coming out of no where and
7 | made without any justification, especially in light of the fact that Plaintiff had performed work
8 | within modified duties for the prior seven (7) months all for Defendant's benefit without any
9 | complaint by Defendant what-so-ever. Plaintiff complained to WRIGHT, and, thus,
10 | Defendant, that those seven (7) months proved she could continue to offer a benefit to
11 | Defendant and that Defendant had no problem accommodating her through such modified
12 | work, thus there was no reason to stop.  At that time, Plaintiff then complained to WRIGHT
13 | that she had previously inquired about other positions which she was qualified for and which
14 | would accommodate her restrictions, but that WRIGHT never got back to her. As such, in
15 | this same conversation, Plaintiff then reiterated that there certainly were many other
16 | positions that Plaintiff was both qualified to fill, could perform and that were available instead
17 | of forcing her out of work against her wishes.  However, as they had done previously, both
18 | WRIGHT and Defendant once again wholly ignored Plaintiff's complaints and requests,
19 | thereby failing to reasonably accommodate Plaintiff and/r failing to engage in any interactive
20 | process with Plaintiff all as further acts of discrimination and/or intentional infliction of
21 | emotional distress against Plaintiff hoping that Plaintiff would eventually quit. Thus, WRIGHT
22 | concluded this September 28, 2020 meeting confirming to Plaintiff that, as of October 3,
23 | 2020, Plaintiff would be placed on indefinite leave of absence.

24 | 24.    Continuing their discriminatory acts, fom approximately October 3, 2020
25 | through December 1, 2020, Defendant and WRIGHT continued to wholly failed to engage in
26 | any interactive process, refusing to even attempt to find alternative work assignments for
27 | Plaintiff, whether as a reasonable accommodation or simply because Plaintiff was owed
28 | such as a long-term, overqualified employee.  Instead, Defendants continued their ongoing

COMPLAINT FOR DAMAGES
EXHIBIT A

1   campaign of discrimination, retaliation and intentional infliction of emotional distress against
2   Plaintiff, continuing to arbitrarily force her on a leave of absence regardless of the fact that
3   there were jobs at the time which Plaintiff was qualified for, could have performed and would
4   have met Plaintiff's restrictions had Defendant wanted to provide such jobs to her. Once
5   again, it was simply the case that Defendant did not want to accommodate Plaintiff due to
6   her disabilities despite its lack of justification and despite its ability to do so without suffering
7   undue hardship, all in hopes that Plaintiff would quit and just go away on her own.

8       25.    On or around December 1, 2020, WRIGHT asked Plaintiff to attend an
9   additional meeting.  Plaintiff attended the meeting hopeful that WRIGHT might finally offer
10   her an alternative position as she had requested.  Instead, WRIGHT simply went through a
11   check list with Plaintiff confirming what Defendant already knew – that Plaintiff was under
12   physical work restrictions which required reasonable accommodations.  The meeting was
13   humiliating for Plaintiff and WRIGHT appeared to be aware of that fact. In fact, it appeared
14   to Plaintiff that the meeting was no more than yet another effort by WRIGHT and Defendant
15   to intentionally inflict emotional distress upon her. Specifically, during the course of the
16   meeting, it became obvious to Plaintiff that WRIGHT, who did not even mention any
17   alternative accommodations or alternative possible work assignments even once, simply
18   wanted to send Plaintiff the message that she was never going to be allowed to return to
19   work and there would be no end in sight. Indeed, at the conclusion of the meeting, WRIGHT
20   informed Plaintiff that she would call Plaintiff with the next , yet failing to clarify what those
21   might be. Again, Plaintiff was left feeling that Defendant simply wanted her to go away and
22   quit. Indeed, despite her assurances that she would contact Plaintiff for the "next steps,"
23   WRIGHT never did; she just left Plaintiff alone without any options as usual.

24       26.    While Plaintiff had only previously speculated that Defendant and WRIGHT,
25   through their failure to offer her alternative accommodations despite her requests and them
26   forcing her on medical leave, were intentionally trying to force Plaintiff to quit, two days after
27   her meeting with WRIGHT, on or about December 3, 2020, Defendant confirmed its desire
28   to force Plaintiff to quit to be much more than Plaintiff's logical speculation, but, in fact, the

COMPLAINT FOR DAMAGES
EXHIBIT A

1  reality. Specifically, on this day, Plaintiff received a phone call from Defendant's worker's

2  compensation claims adjustor.  On that phone call, Defendant's adjuster offered Plaintiff a

3  sum of money to resolve her worker's compensation claims under the condition that Plaintiff

4  agree to voluntarily resign from her employment with Defendant.  After nearly a decade of

5  employment with Defendant, Plaintiff was devastated to confirm her fears – Defendant

6  wanted to get rid of her because she was disabled and requested reasonable

7  accommodations.  Though she needed the money, at the time, Plaintiff knew that it was not

8  right to basically fire her for being disabled and wanted to fight for her job. Even if the writing

9  was on the wall and even though she knew the situation would likely conclude leaving her

10  without a job regardless, Plaintiff wanted to first do all she could to keep her career before

11  inevitably being forced by Defendant to leave. As such, Plaintiff rejected Defendant's

12  demand that she resign, immediately informing Defendant of the same.

13      27.      On or about the following day, December 4, 2020, Defendant's discriminatory

14  and retaliatory campaign to force Plaintiff immediately continued without break. On this day,

15  Defendant sent Plaintiff a letter confirming that Defendant had decided to end the temporary

16  disability benefits it had been providing Plaintiff as a result of forcing her on medical leave. In

17  an effort to place further pressure on Plaintiff to quit., Defendant ensured that Plaintiff would

18  no longer receive any source of income what-so-ever. While Defendant claimed that the

19  decision had been made because Plaintiff's disabilities had recently been re-categorized as

20  "permanent and stationary", in truth, Defendant's rationale was no more than a false pre-text

21  to disguise its retaliatory and/or discriminatory motives and Plaintiff immediately knew it to be

22  such. Indeed, Plaintiff had been declared permanent and stationary on November 10, 2020,

23  or nearly a month earlier. Rather, it was no coincidence that the decision to deprive Plaintiff

24  of such income she needed was made immediately after she had rejected Defendant's

25  demand that she voluntarily resign.  Thus, at this point, Plaintiff clearly understood that

26  Defendant was intentionally depriving her of income in order to force her to resign all

27  because she was disabled and/or needed reasonable accommodations.

28  / / /

COMPLAINT FOR DAMAGES
EXHIBIT A

28.     Approximately one month after receiving Defendant's letter withdrawing her

benefits and income, on or about January 13, 2021, Plaintiff decided to submit a complaint

of discrimination and retaliation to Defendant, its corporate headquarters and its HR. Even

though it was becoming increasingly clear to Plaintiff that Defendant would never allow her to

return, Plaintiff wanted to fight for her nearly decade career. In writing her complaint, Plaintiff

hoped that by putting something in writing to Defendant's corporate offices, Defendant would

finally take her seriously, do the right thing and allow her to come back to work:

"Dear [WRIGHT],

I'm writing this because I feel like the company has basically fired me just for getting injured at work and having permanent restrictions, which isn't my fault. I know no one has said "you are fired" yet to me but there is work I could do that I wasn't given for no good reason. I've been out of work now for 3+ months just because the company didn't want to give me a job since I'm disabled. I feel like that is discrimination so I wanted to write to you to see if something could be done about it to make things right. I've been with Target for 10 years now and I deserve better than this.

I'm CC'ing people in corporate on this email to make sure I get a real response this time. I don't know if these are the right email addresses but its what I could find through google. I tried different variations that I thought might work but in case none of these emails work, I am asking you to please forward this email to them anyway so that corporate is involved. I'm tired of being ignored so maybe corporate will take this more seriously than HR has in the past.

Like you know, I was injured in February when I hurt my back. For a while I was feeling like the company would do me right because I was allowed to work even with my restrictions of no lifting more than 15 pounds and no standing, walking, bending or twisting for more than 40 minutes in an hour. You guys let me work for six months like that, all the way until October 3, 2020. I'm only mentioning this stuff again now because I think it shows how the company has always been able to keep me working no matter what my restrictions are. But then on October 3, you told me that the company couldn't accommodate me anymore even though I did nothing wrong. And what is worse, you never even offered me another position which I'm definitely qualified to do and have asked you for repeatedly. At least 3 times last year I asked you if I could get trained for a desk job and you always ignored me.

I have a Bachelors degree in business administration and I'm almost done with my Masters degree. So it's not like I'm not educated and therefore incapable of doing the kind of work that you do. Even though I know you could accommodate me in my old job like you did for 6 months, I am also sure there are many office and sit down positions I could work if given the chance but no one has sat down with me to see what is out there and whether I can work those jobs. Even when I try to do work with you on my end it's the same thing. Every time I asked you about any other jobs, you ignore my requests or brush me off. I really don't understand that. Just because I've done manual labor for so many years doesn't mean I'm not qualified to do a different kind of job with the company. But even if there is too

-10-

special training for a desk job, that's no reason why I can't be offered a cashier job and provided a stool to sit on when I need it. I'd rather work in an office but I'm definitely qualified to at least be offered a cashier job. When I asked, you said that I needed training to do that. Well, I'm ready. Train me please! I just think that after working for Target for over a decade that Target would try harder to keep me employed. Instead, all I've gotten is complete silence

Its felt this whole time like Target wants me gone or thinks it's a foregone conclusion that I'm never coming back just for being disabled and having medical restrictions that Target has to accommodate. Last month I found out that's exactly what it is. Last month I found out that Target is offering me money to quit. Target made me an offer that it would settle my worker's compensation injuries but that I would have to quit if I wanted the settlement which means the only way that I can get money for my injuries that Target caused is if I resign and lose my job too. Injuring me is not enough, but not Target is basically trying to blackmail me to quit all because I'm disabled and Target doesn't want to deal with disabled employee like me anymore?

What is really messed up is, I can barely survive on the benefits I've been getting, which is much less than what I was making before I got injured. I feel like I'm getting it from all directions. Target is strong arming me to quit or else I don't get settlement money for my injuries while also basically trying to force me to quit since Target won't give me any work even though there is work I can do that I know I am qualified for and that wouldn't violate my restrictions. The only reason this is happening is because I'm disabled and have restrictions that Target doesn't want to deal with even though it could. It doesn't make sense to want to get rid of a loyal and dedicated employee like me who has worked for 10 years but I guess that's what prejudice is. This is all discrimination against me. Target is "targeting" me for my medical issues. There is no better way to say it. Its as simple as that and its not right.

I get it that Target wants me gone but I really need my job and my income. Its been almost 4 months now that I've been denied work that I should have got and Target has me to submit my resignations, so it seems to me I've basically been fired already. I'm writing this though because I want to give Target the chance to do the right thing. Maybe I'm stupid to think writing this will change anything but I love my job and really want to keep it. Its either I write this or I'm out of a job, so I have nothing to lose. If I don't hear back or I'm not let back to work in the next few weeks, I'll just assume that I don't have a job to come back to and I'm being fired just like it seems. I really just want a chance to keep my job. I hope I get it.

Sincerely,

Adrieanna Hooks"

29.     Approximately one week later, on or about January 22, 2021, Plaintiff received the response she feared. Defendant wrote that it had conducted an investigation into her complaints of discrimination and retaliation and had found no wrongdoing; rather it found that Defendant had acted in accordance with its own policies and that it was not obligated to accommodate her further. Once again, Plaintiff was ignored.

COMPLAINT FOR DAMAGES
EXHIBIT A
-15-

30.     Defendant's response was the last straw for Plaintiff.  With Defendant's e-mail, Plaintiff realized that no matter what she did or whom she asked, Defendant would continue to discriminate and retaliate against her until she finally agreed to resign.  Plaintiff had done everything she could do to keep her job, but, also knowing she would not receive any income what-so-ever for the indefinite future, she realized she had been left with no option but to give Defendant and WRIGHT what they wanted - she would have to quit. Defendants intentionally created circumstances - forced medical leave, a demanded resignation and depravation of benefits - that forced her to quit, as any reasonably objective person in her same or similar circumstances would. Accordingly, on January 25, 2021, Plaintiff sent a final e-mail to Defendant, its corporate headquarters and its HR complaining a final time of Defendant's unlawful conduct and confirming her constructive termination:

"Dear Target HR person,

I do not think the accommodation process has been followed "appropriately".

I'm sorry but I have to say that your response is not what I would expect from a company who is speaking to a loyal employee like me who has worked for Target for a decade.  You haven't even given me an actual explanation.  I don't see how you can say the accommodation process was followed "appropriately" when I didn't receive a single phone call from anyone about my complaint.  Not a single person has asked me anything more about my restrictions, shown me what other jobs are out there that maybe I can fill or bothered to sit down with me even for a minute to go through any alternative jobs or options that might be out there for me at the zillion Target locations out there.  Nothing has been done to keep me working no matter what I do, even now.  That's anything but "appropriate".  Its just me being ignored more all because Target doesn't want a disabled employee like me around.  Easier to make me quit then actually show you care and do the right thing.  That's been made completely clear now.

I've tried everything.  I don't know what else I can do to get back to work. I thought getting corporate involved might make a difference but even that didn't do anything.  I'm going to take this as Target firing me, so I guess Target gets what it wants. I'll go find another job.  I need to work and make an income.  Like I said in my last email, not giving me work when there is work I can do is the same thing as firing me so that's what Target is doing. This is really wrong and you know it is.

Adrieanna Hooks"

/ / /

/ / /

-12-

31.     From October 3, 2020 through the date of her forced resignation on January 25, 2021, Defendant refused to reasonably accommodate Plaintiff despite its ability to do so without suffering undue hardship. After denying Plaintiff the ability to return to work for so long without any justification, Defendant demanded that Plaintiff quit and, when she wouldn't, then cut off Plaintiff from any form of income, using her leave and sudden lack of income as leverage to try to force and/or bribe Plaintiff into resigning from her decade-long career with Defendant. Defendant's efforts were ultimately successful, concluding with Plaintiff's actual and/or constructive wrongful termination. Defendant's discriminatory and/or retaliatory conduct, including Defendant and WRIGHT'S acts of intentional infliction of emotional distress against Plaintiff, placed Plaintiff in the position where she had no choice but to resign, thereby actually or constructively wrongfully terminating her.  It is clear by this history that Defendant wrongfully terminated Plaintiff because she was disabled, because Defendant perceived her to be disabled, because she requested reasonable accommodations and/or because Defendant believed Plaintiff would continue to be disabled and need reasonable accommodations in the future.

32.     While Plaintiff was wrongfully terminated, to the extent it appears that Plaintiff resigned, Plaintiff alleges that she was forced to resign as no reasonable or objective person in Plaintiff's position would have continued to remain employed by Defendant without any hopes of being provided with additional work and thereby additional income.  Due to Defendants' wrongful conduct, one way or the other it was inevitable that Plaintiff would have lost her job. Thus, even where one could argue that Plaintiff was not actually terminated, it is clear that, at the least, she was constructively wrongfully terminated.

33.     At all times, Plaintiff informed Defendant of her disabilities and updated it as to her medical status. Likewise, Plaintiff could have performed all of the essential functions of her job with a reasonable accommodation which she requested of Defendant and which Defendant could have provided without suffering undue hardship, whether at the same location or another one of Defendant's many nearby stores, to Defendant's satisfaction with a reasonable accommodation. Despite these facts, and that Defendant could have

-13-

**COMPLAINT FOR DAMAGES**

EXHIBIT A

-17-

1  accommodated Plaintiff without suffering undue hardship, Defendant rejected her requests,
2  failed to engage in the interactive process and failed to reasonably accommodate Plaintiff as
3  it was obligated to do under California law. Instead of placing Plaintiff in another available
4  alternative position, Defendant and WRIGHT simply chose to ignore Plaintiff's reasonable
5  requests, ignore her complaints, failed to engage in any interactive process and failed to
6  provide her with reasonable accommodations, all the while unnecessarily forcing Plaintiff on
7  an indefinite medical leave, demanding she re-sign and then depriving of her benefits due to
8  her refusal to resign, all leading to her actual and/or constructive wrongful termination. In
9  sum, Defendant unlawfully denied Plaintiff the interactive process she was owed, unlawfully
10 denied Plaintiff the reasonable accommodations she was owed, unlawfully discriminated
11 against Plaintiff, unlawfully retaliated against Plaintiff, intentionally inflicted emotional distress
12 upon her, and actually or constructively wrongfully terminated her based her actual or
13 perceived disabilities and/or requests for reasonable accommodations.

14     34.    At all times, WRIGHT knew of available positions which Defendant could have
15 provided to Plaintiff, knew of Plaintiff's qualifications to fulfill those positions, and intentionally
16 ignored Plaintiff's multiple requests to fulfill such positions. Instead, WRIGHT and Defendant
17 proactively engaged in conduct and communications meant to make it clear to PLAINTIFF
18 that she had no future with Defendant, all the while intentionally inflicting emotional distress
19 upon Plaintiff all in the hope of pressuring Plaintiff to voluntarily resign as Defendant wanted.

20     35.    At all times, Defendants' conduct, as described above, was enacted
21 maliciously and in total disregard and oppression of Plaintiff's rights and welfare. As a result
22 of these circumstances, Plaintiff has been damaged economically by the loss of both her
23 current and future employment with Defendant. Plaintiff has also been damaged emotionally
24 and physically through Defendants' unlawful conduct. The full extent of Plaintiff's damages
25 will be subject to a matter of proof at trial.

26
27 / / /
28 / / /

1

2

3

## **FIRST CAUSE OF ACTION**

## **DISABILITY DISCRIMINATION**

## **(Against TARGET and DOES 1- 10)**

4    36.    As a separate and distinct cause of action, Plaintiff complains and realleges all

5  the allegations contained in this complaint, and incorporates them by reference into this

6  cause of action as though fully set forth herein, excepting those allegations which are

7  inconsistent with this cause of action.

8    37.    At all times relevant to this action, Plaintiff had physical disabilities within the

9  meaning of *Government Code* §§ 12926(m) and 12926.1, and the California Fair

10  Employment and Housing Act (FEHA).

11    38.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

12  terminated Plaintiff because of her disabilities and/or because they believed her to be

13  disabled in violation of the FEHA and California *Government Code* § 12940 (a).

14    39.    At all times, Defendant was aware of Plaintiff's disabilities, as set forth above,

15  because Plaintiff had informed Defendants of her disabilities and requests for reasonable

16  accommodation numerous times prior to the conclusion of her employment.

17    40.    Defendant discriminated against Plaintiff on the basis of her disabilities by, *inter*

18  *alia*, forcing her onto an indefinite leave or absence and/or by terminating her employment,

19  at least in part, because of them, failing to provide reasonable accommodations to Plaintiff

20  despite the availability of such without undue hardship, applying unlawful policies to Plaintiff,

21  etc.

22    41.    At all times mentioned herein, Plaintiff was willing and able to perform the

23  essential duties and functions of her position and/or the positions sought or available.

24    42.    At all times, Defendant knew, or should have known, that the conduct, acts,

25  and failures to act of Defendant and/or Defendant's executives, owners, supervisors, agents

26  and employees, as described herein above, violated Plaintiff's rights under the law.

27  Likewise, Defendant knew, or in the exercise of reasonable care should have known, that

28  unless Defendant intervened to protect Plaintiff, and to adequately supervise, prohibit,

-15-

COMPLAINT FOR DAMAGES

1  discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant and
2  others as described herein, Defendant's failure to so protect, supervise, and intervene would
3  have the effect of encouraging, ratifying, condoning, increasing and/or worsening said
4  conduct, acts, and failures to act, which is, in fact, what resulted.

5      43.    As a direct, legal and/or proximate result of the aforesaid acts of Defendant
6  Plaintiff has suffered actual, consequential and incidental financial losses, including without
7  limitation, loss of income, earnings, salary and benefits, and the intangible loss of
8  employment related opportunities in her field and damage to her professional reputation, all
9  in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages,
10 including all prejudgment interest on the same.

11     44.    As a direct, legal and/or proximate result of Defendant's conduct, Plaintiff has
12 sustained and continues to suffer emotional distress and related emotional trauma, personal
13 injury, physical harm, pain and suffering, personal inconvenience, sickness and illness, etc.
14 all to Plaintiff's damages in an amount to be shown according to proof.

15     45.    The conduct of Defendant in discriminating against Plaintiff because of her
16 physical disabilities subjected Plaintiff to cruel and unjust hardship in conscious disregard of
17 Plaintiff's rights, as it was anticipated by Defendant that Plaintiff would suffer damages in the
18 foreseeable future.  Plaintiff is informed and believes, and based thereon alleges, that
19 Defendant's conduct against Plaintiff was done with an intent to cause injury to Plaintiff.
20 Moreover, the malicious, fraudulent and/or oppressive conduct was engaged in, authorized
21 or ratified by officers, directors or managing agents of the corporation and/or was the result
22 of the application of unlawful, malicious or oppressive policies and procedures.  As a
23 consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is
24 entitled to an award of punitive damages in a sum to be shown according to proof pursuant
25 to California *Government Code* §§ 12965 & 12970.

26     46.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees
27 which she is entitled to recover pursuant to California *Government Code* § 12965.

28 / / /

-16-

COMPLAINT FOR DAMAGES

EXHIBIT A
-20-

## SECOND CAUSE OF ACTION

## FAILURE TO REASONABLY ACCOMMODATE

### (Against TARGET and DOES 1- 10)

47.    As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

48.    At all times relevant to this action, Plaintiff had physical disabilities within the meaning of *Government Code* §§ 12926(m) and 12926.1, and the California Fair Employment and Housing Act (FEHA).

49.    At all times, California *Government Code* §12940(m) requires employers to provide an employee with a known physical disability with a reasonable accommodation for said disability. After being diagnosed with physical disabilities, as described herein, Plaintiff requested reasonable accommodations in the form of work restrictions and other potential accommodations. Despite learning of Plaintiff's disabilities, learning of her requests for reasonable accommodations and being able to accommodate Plaintiff as she requested without suffering undue hardship, Defendant failed and refused to reasonably accommodate Plaintiff's needs based on her disabilities and, instead, retaliated against and wrongfully terminated Plaintiff from her employment.  In doing so, and failing and refusing to accommodate Plaintiff, Defendant have violated *Government Code* §12940 (m).

50.    As a direct, legal and/or proximate result of the aforesaid acts of Defendant Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of income, earnings, salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages, including all prejudgment interest on the same.

/ / /

/ / /

COMPLAINT FOR DAMAGES

EXHIBIT A

51.     As a direct, legal and/or proximate result of Defendant's conduct, Plaintiff has sustained and continues to suffer emotional distress and related emotional trauma, personal injury, physical harm, pain and suffering, personal inconvenience, sickness and illness, etc. all to Plaintiff's damages in an amount to be shown according to proof.

52.     The conduct of Defendant in failing to reasonably accommodate Plaintiff subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by Defendant that Plaintiff would suffer damages in the foreseeable future. Plaintiff is informed and believes, and based thereon alleges, that Defendant's conduct against Plaintiff was done with an intent to cause injury to Plaintiff. Moreover, the malicious, fraudulent and/or oppressive conduct was engaged in, authorized or ratified by officers, directors or managing agents of the corporation and/or was the result of the application of unlawful, malicious or oppressive policies and procedures. As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof pursuant to California *Government Code* §§ 12965 & 12970.

53.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees which she is entitled to recover pursuant to California *Government Code* § 12965.

## THIRD CAUSE OF ACTION
## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
## (Against TARGET and DOES 1- 10)

54.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

55.     At all times relevant to this action, Plaintiff had physical disabilities within the meaning of *Government Code* §§ 12926(m) and 12926.1, and the California Fair Employment and Housing Act (FEHA).

-18-

COMPLAINT FOR DAMAGES

EXHIBIT A

1   56.   After learning of Plaintiff's disabilities, Defendant failed to engage in an
2   interactive process with Plaintiff to determine whether Defendant could accommodate
3   Plaintiff's disabilities and/or her requests for reasonable accommodations, including, but not
4   limited to, work restrictions.  In failing and refusing to engage in an interactive process with
5   Plaintiff, Defendant violated *Government Code* §12940 (n).

6   57.   As a direct, legal and/or proximate result of the aforesaid acts of Defendant
7   Plaintiff has suffered actual, consequential and incidental financial losses, including without
8   limitation, loss of income, earnings, salary and benefits, and the intangible loss of
9   employment related opportunities in her field and damage to her professional reputation, all
10  in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages,
11  including all prejudgment interest on the same.

12  58.   As a direct, legal and/or proximate result of Defendant's conduct, Plaintiff has
13  sustained and continues to suffer emotional distress and related emotional trauma, personal
14  injury, physical harm, pain and suffering, personal inconvenience, sickness and illness, etc.
15  all to Plaintiff's damages in an amount to be shown according to proof.

16  59.   The conduct of Defendant in failing to engage in the interactive process with
17  Plaintiff subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's
18  rights, as it was anticipated by Defendant that Plaintiff would suffer damages in the
19  foreseeable future.  Plaintiff is informed and believes, and based thereon alleges, that
20  Defendant's conduct against Plaintiff was done with an intent to cause injury to Plaintiff.
21  Moreover, the malicious, fraudulent and/or oppressive conduct was engaged in, authorized
22  or ratified by officers, directors or managing agents of the corporation and/or was the result
23  of the application of unlawful, malicious or oppressive policies and procedures.  As a
24  consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is
25  entitled to an award of punitive damages in a sum to be shown according to proof pursuant
26  to California *Government Code* §§ 12965 & 12970.

27  60.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees
28  which she is entitled to recover pursuant to California *Government Code* § 12965.

COMPLAINT FOR DAMAGES

EXHIBIT A

1

2

3

4

## FOURTH CAUSE OF ACTION

## FAILURE TO MAINTAIN A WORKPLACE FREE FROM

## DISCRIMINATION AND RETALIATION

## (Against TARGET and DOES 1- 10)

5   61.   As a separate and distinct cause of action, Plaintiff complains and realleges all

6 the allegations contained in this complaint, and incorporates them by reference into this

7 cause of action as though fully set forth herein, excepting those allegations which are

8 inconsistent with this cause of action.

9   62.   Defendant failed to take immediate and appropriate corrective action to prevent

10 and remedy the discrimination and/or retaliation to which Plaintiff was subjected to.

11 Specifically, Defendant set forth policies and procedures, and failed to properly train its

12 employees, as to relevant disability discrimination and reasonable accommodations laws,

13 which not only failed to prevent discrimination in the workplace, but actually created a

14 discriminatory work environment. Likewise, by discriminating against Plaintiff while she was

15 still employed due to her disabilities and/or requests for accommodation, terminating her,

16 and/or retaliating against her based on her disabilities and/or her requests for reasonable

17 accommodations, Defendant failed to take immediate and appropriate corrective action to

18 prevent and/or remedy the discrimination and retaliation to which Plaintiff was subjected to.

19   63.   At all times, Defendant knew of its legal obligations to maintain legal compliant

20 policies and procedures, knew of its obligations to properly train its employees as to

21 employees with disabilities, knew of Plaintiff's disabilities and knew of its legal obligations to

22 reasonably accommodate Plaintiff's disabilities, but disregarded all these duties and,

23 instead, retaliated against Plaintiff and, ultimately, actually or constructively terminated her.

24 Rather than taking reasonable steps to prevent discrimination and retaliation, Defendant

25 continued to discriminate and retaliate Plaintiff through the end of Plaintiff's employment.

26   64.   As a direct, legal and/or proximate result of the aforesaid acts of Defendant

27 Plaintiff has suffered actual, consequential and incidental financial losses, including without

28 limitation, loss of income, earnings, salary and benefits, and the intangible loss of

COMPLAINT FOR DAMAGES

EXHIBIT A

1  employment related opportunities in her field and damage to her professional reputation, all

2  in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages,

3  including all prejudgment interest on the same.

4      65.   As a direct, legal and/or proximate result of Defendant's conduct, Plaintiff has

5  sustained and continues to suffer emotional distress and related emotional trauma, personal

6  injury, physical harm, pain and suffering, personal inconvenience, sickness and illness, etc.

7  all to Plaintiff's damages in an amount to be shown according to proof.

8      66.   The conduct of Defendant in failing to prevent and/or remedy discrimination

9  and/or retaliation in Plaintiff's workplace subjected Plaintiff to cruel and unjust hardship in

10  conscious disregard of Plaintiff's rights, as it was anticipated by Defendant that Plaintiff

11  would suffer damages in the foreseeable future.  Plaintiff is informed and believes, and

12  based thereon alleges, that Defendant's conduct against Plaintiff was done with an intent to

13  cause injury to Plaintiff.  Moreover, the malicious, fraudulent and/or oppressive conduct was

14  engaged in, authorized or ratified by officers, directors or managing agents of the corporation

15  and/or was the result of the application of unlawful, malicious or oppressive policies and

16  procedures.  As a consequence of the aforesaid oppressive, malicious, and despicable

17  conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according

18  to proof pursuant to California *Government Code* §§ 12965 & 12970.

19      67.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees

20  which she is entitled to recover pursuant to California *Government Code* § 12965.

21

22                          **FIFTH CAUSE OF ACTION**

23                    **RETALIATION IN VIOLATION OF FEHA**

24                      **(Against TARGET and DOES 1- 10)**

25      68.   As a separate and distinct cause of action, Plaintiff complains and realleges all

26  the allegations contained in this complaint, and incorporates them by reference into this

27  cause of action as though fully set forth herein, excepting those allegations which are

28  inconsistent with this cause of action.

-21-

COMPLAINT FOR DAMAGES

EXHIBIT A

-25-

1     69.    Plaintiff engaged in protected activities by informing Defendant of her
2  disabilities and by requesting reasonable accommodations to treat and/or recover from her
3  disabilities, including work restrictions. Plaintiff also engaged in protected activities by
4  complaining to Defendant of being discriminated against and/or retaliated against on the
5  basis of her disabilities and requests for reasonable accommodations. Defendant, acting at
6  least partially in direct retaliation for Plaintiff engaging in these protected activities, as
7  described above, retaliated against Plaintiff by refusing to accommodate her, by refusing to
8  engage in a good-faith interactive process with her, by forcing Plaintiff on an unnecessary
9  medical leave, by demanding that Plaintiff voluntarily resign from her employment, by
10  depriving Plaintiff of benefits without justification and by actually or constructively wrongfully
11  terminating Plaintiff from her employment with Defendant.

12     70.    As a direct, legal and/or proximate result of the aforesaid acts of Defendant
13  Plaintiff has suffered actual, consequential and incidental financial losses, including without
14  limitation, loss of income, earnings, salary and benefits, and the intangible loss of
15  employment related opportunities in her field and damage to her professional reputation, all
16  in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages,
17  including all prejudgment interest on the same.

18     71.    As a direct, legal and/or proximate result of Defendant's conduct, Plaintiff has
19  sustained and continues to suffer emotional distress and related emotional trauma, personal
20  injury, physical harm, pain and suffering, personal inconvenience, sickness and illness, etc.
21  all to Plaintiff's damages in an amount to be shown according to proof.

22     72.    The conduct of Defendant in retaliating against Plaintiff subjected Plaintiff to
23  cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by
24  Defendant that Plaintiff would suffer damages in the foreseeable future.  Plaintiff is informed
25  and believes, and based thereon alleges, that Defendant's conduct against Plaintiff was
26  done with an intent to cause injury to Plaintiff.  Moreover, the malicious, fraudulent and/or
27  oppressive conduct was engaged in, authorized or ratified by officers, directors or managing
28  agents of the corporation and/or was the result of the application of unlawful, malicious or

-22-

COMPLAINT FOR DAMAGES

1 oppressive policies and procedures.  As a consequence of the aforesaid oppressive,

2 malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a

3 sum to be shown according to proof pursuant to *Government Code* §§ 12965 & 12970.

4   73. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees

5 which she is entitled to recover pursuant to California *Government Code* § 12965.

6

7          **SIXTH CAUSE OF ACTION**

8    **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

9        **(Against TARGET and DOES 1 - 10)**

10   74. As a separate and distinct cause of action, Plaintiff complains and realleges all

11 the allegations contained in this complaint, and incorporates them by reference into this

12 cause of action as though fully set forth herein, excepting those allegations which are

13 inconsistent with this cause of action.

14   75. California law prohibits termination or other adverse employment actions

15 against employees for reasons that violate public policy.  Plaintiff is informed and believes

16 and thereon alleges that Defendant violated public policy by terminating her employment for

17 reasons that violate public policy of the State of California.

18   76. Defendant's termination of Plaintiff's employment violated California statutes

19 and/or common law that inure to the benefit of the public at large and are a statement of

20 California public policy, including, but not limited to, the FEHA, *Government Code* § 12940 et

21 seq. and other related statutes and common law. These laws, statutes and their

22 interpretative regulations inure to the benefit of the public at large, and embody fundamental

23 public policy of the State of California and/or the United States.

24   77. During Plaintiff's employment with Defendant, Plaintiff informed Defendant of

25 her disabilities and her need for reasonable accommodations. In response, Defendant took

26 actions to discriminate and retaliate against Plaintiff, including keeping her employed for

27 nearly four (4) months on a forced unnecessary medical leave without offering her any work

28 despite her ability to work and the availability of such work, demanding that she voluntarily

COMPLAINT FOR DAMAGES

EXHIBIT A

1  resign and depriving her of benefits without justification. At all times, Defendant engaged in
2  such conduct as a means of either actually terminating Plaintiff or, alternatively,
3  constructively terminating her by forcing Plaintiff's resignation. Under such circumstances,
4  there is little doubt that Plaintiff was either actually or constructively wrongfully terminated.
5  By either actually or constructively discharging Plaintiff, Defendant violated well known public
6  policies meant to protect Plaintiff, and the public at large, from such conduct.

7       78.   As a direct, legal and/or proximate result of the aforesaid acts of Defendant
8  Plaintiff has suffered actual, consequential and incidental financial losses, including without
9  limitation, loss of income, earnings, salary and benefits, and the intangible loss of
10  employment related opportunities in her field and damage to her professional reputation, all
11  in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages,
12  including all prejudgment interest on the same.

13       79.   As a direct, legal and/or proximate result of Defendant's conduct, Plaintiff has
14  sustained and continues to suffer emotional distress and related emotional trauma, personal
15  injury, physical harm, pain and suffering, personal inconvenience, sickness and illness, etc.
16  all to Plaintiff's damages in an amount to be shown according to proof.

17       80.   The conduct of Defendant wrongfully terminating Plaintiff subjected Plaintiff to
18  cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by
19  Defendant that Plaintiff would suffer damages in the foreseeable future.  Plaintiff is informed
20  and believes, and based thereon alleges, that Defendant's conduct against Plaintiff was
21  done with an intent to cause injury to the Plaintiff.  Moreover, the malicious, fraudulent and/or
22  oppressive conduct was engaged in, authorized or ratified by officers, directors or managing
23  agents of the corporation and/or was the result of the application of unlawful, malicious or
24  oppressive policies and procedures.  As a consequence of the aforesaid oppressive,
25  malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a
26  sum to be shown according to proof at trial.

27  / / /
28  / / /

-24-
COMPLAINT FOR DAMAGES

## SEVENTH CAUSE OF ACTION

**WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(Against TARGET and DOES 1-10)**

81.    As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

82.    California law prohibits termination or other adverse employment actions against employees for reasons that violate public policy.  Plaintiff is informed and believes and thereon alleges that Defendant violated public policy by constructively terminating her employment for reasons that violate public policy of the State of California.

83.    During Plaintiff's employment with Defendant, Plaintiff informed Defendant of her disabilities and her need for reasonable accommodations. In response, Defendant took actions to discriminate and retaliate against Plaintiff, including keeping her employed for nearly four (4) months on a forced unnecessary medical leave without offering her any work despite her ability to work and the availability of such work, demanding that she voluntarily resign and depriving her of benefits without justification. At all times, Defendant engaged in such conduct as a means of either actually terminating Plaintiff or, alternatively, constructively terminating her by forcing Plaintiff's resignation. Under such circumstances, there is little doubt that Plaintiff was either actually or constructively wrongfully terminated. By either actually or constructively discharging Plaintiff, Defendant violated well known public policies meant to protect Plaintiff, and the public at large, from such conduct.

84.    Whereas Defendant may claim that Plaintiff quit and Plaintiff claims that Defendant wrongfully terminated her, to the extent that it may be perceived that Plaintiff resigned, Plaintiff alleges that she was forced to resign as no reasonable or objective person in Plaintiff's position would have continued to remained employed Defendant knowing that Defendant would continue to discriminate and retaliate against Plaintiff by failing to provide her with an opportunity to work and therefore make income and that, eventually, they would

-25-

1 be forced to resign anyway.  Accordingly, as an alternative theory of liability to her claim of

2 actual wrongful termination, Plaintiff alleges she was constructively wrongfully terminated.

3    85. As a direct, legal and/or proximate result of the aforesaid acts of Defendant

4 Plaintiff has suffered actual, consequential and incidental financial losses, including without

5 limitation, loss of income, earnings, salary and benefits, and the intangible loss of

6 employment related opportunities in her field and damage to her professional reputation, all

7 in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages,

8 including all prejudgment interest on the same.

9    86. As a direct, legal and/or proximate result of Defendant's conduct, Plaintiff has

10 sustained and continues to suffer emotional distress and related emotional trauma, personal

11 injury, physical harm, pain and suffering, personal inconvenience, sickness and illness, etc.

12 all to Plaintiff's damages in an amount to be shown according to proof.

13    87. The conduct of Defendant constructively wrongfully terminating Plaintiff

14 subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as

15 it was anticipated by Defendant that Plaintiff would suffer damages in the foreseeable future.

16 Plaintiff is informed and believes, and based thereon alleges, that Defendant's conduct

17 against Plaintiff was done with an intent to cause injury to the Plaintiff.  Moreover, the

18 malicious, fraudulent and/or oppressive conduct was engaged in, authorized or ratified by

19 officers, directors or managing agents of the corporation and/or was the result of the

20 application of unlawful, malicious or oppressive policies and procedures.  As a consequence

21 of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an

22 award of punitive damages in a sum to be shown according to proof at trial.

23

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

COMPLAINT FOR DAMAGES

EXHIBIT A

1

2

3

**EIGHTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against All Defendants and DOES 1-10)**

4    88.    As a separate and distinct cause of action, Plaintiffs complain and realleges all

5  the allegations contained in this complaint, and incorporates them by reference into this

6  cause of action as though fully set forth herein, excepting those allegations which are

7  inconsistent with this cause of action.

8    89.    At all times, Defendant, its manager and/or supervisors, including WRIGHT,

9  targeted Plaintiff for the purpose of intentionally inflicting emotional distress upon her.

10  Defendant knowingly retained and/or entrusted such individuals, including WRIGHT,

11  providing them authority over Plaintiff, despite that Defendant knew, or with reasonable care

12  should have known, that these individuals were intentionally inflicting emotional distress

13  upon Plaintiff. Both Defendant and WRIGHT, among others, knew that such intentionally

14  harmful conduct was occurring and had the ability to prevent it, but, instead, knowingly

15  permitted such intentional acts to continue, all to Plaintiff's express detriment, harm to her

16  health and safety, and her emotional distress. At all times, Defendant and WRIGHT engaged

17  in such intentional discriminatory and/or retaliatory acts against Plaintiff for the purpose of

18  inflicting emotional distress upon Plaintiff as a means to ensure that Plaintiff quit, concluding

19  with Plaintiff's actual or constructive wrongful termination.

20    90.    Defendants' conduct, as described herein, was extreme and outrageous, under

21  any circumstances. Moreover, Defendant and WRIGHT performed such conduct with full

22  knowledge and intention of its illegality, including their full knowledge that such conduct

23  would cause Plaintiff emotional distress. Thus, at all times, Defendants' conduct was willful

24  and intentional for the purpose of causing Plaintiff emotional distress.

25  / / /

26  / / /

27  / / /

28  / / /

COMPLAINT FOR DAMAGES

EXHIBIT A

91.     As a direct and proximate result of Defendants' conduct, Plaintiff has sustained and continues to suffer severe and serious emotional distress, including, but not limited to, emotional trauma, physical manifestations of emotional distress, pain and suffering, personal inconvenience, sickness and illness, all to Plaintiff's damages in an amount to be shown according to proof.

92.     The conduct of Defendants in intentionally inflicting emotional distress upon Plaintiff subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by Defendants that Plaintiff would suffer damages in the foreseeable future.  Plaintiff is informed and believe, and based thereon allege, that Defendants' conduct against Plaintiff was done with an intent to cause injury to Plaintiff. Moreover, the malicious, fraudulent and/or oppressive conduct was engaged in, authorized or ratified by officers, directors or managing agents of Defendant, was a result of knowing negligent entrustment and retention, and/or was the result of the application of unlawful, malicious or oppressive policies and procedures.  As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof at trial.

## **REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-28-

COMPLAINT FOR DAMAGES

EXHIBIT A

-32-

1

**PRAYER FOR RELIEF**

2

WHEREFORE, Plaintiff prays for judgment as follows:

3

1.    For general damages, according to proof;

4

2.    For special damages, according to proof;

5

3.    For consequential and incidental damages, according to proof;

6

4.    For economic damages, including loss of past and/or future earnings,

7

according to proof;

8

5.    For past and/or future non-economic damages, including emotional distress,

9

pain and suffering, *etc.*, according to proof

10

6.    For punitive and/or exemplary damages, according to proof;

11

7.    For attorneys' fees, according to proof;

12

8.    For prejudgment interest, according to proof;

13

9.    For costs of suit incurred herein;

14

10.   For experts' costs and fees incurred herein; and

15

11.   For such other and further relief as the Court may deem just and proper.

16

17

18

Dated: June 16, 2021

19

**BRENNAN S. KAHN, ESQ.**
**PERONA, LANGER, BECK,**
**SERBIN & HARRISON, APC.**
Attorneys for Plaintiff, Adrieanna Hooks

20

21

22

23

24

25

26

27

28

-29-

COMPLAINT FOR DAMAGES

EXHIBIT A

-33-